Nott, J.,
dissenting:
The claimants should recover up to the time of receiving-actual notice of the reduction ordered by the Quartermaster General, under the decision in Clyde's Case, rendered at the beginning of the present term.
„That the receipts given for the amount allowed by the Quartermaster General do not release, relinquish, or include the balance left unpaid, 1 agree with my brother Peck.
This point, as to the effect of the receipts, so far as it relates to moneys due before notice of reduction of the charter rate, has never been decided before. The only case thus far decided, where the aid of a receipt has been invoked, is that of Clyde, 2d, for the steamers Eebecca and Emilie. In that case no one agreed in the opinion read by the Chief Justice, except my brother Mil-ligan. Judge Loring took no part in the decision, Judge Peck dissented, and my own concurring opinion went upon an entirely different ground. Therefore no principle was settled.
The doctrine that a receipt given, after money is due, can relate back to a time before it was earned, or that it can be taken as evidence of a retroactive reformation of an express written instrument, is new to me, and is contradicted, I think, by every decision of this court wherein a receipt has been offered in evidence.
That the claimants should not recover after the month of July, 1863 — that is to say, after they received .notice of reduction and left their boat in the service, was also settled by Clyde's Case, and is not open to discussion in this.